*Court of Common Pleas, Dauphin County, July 3d, 1857.*

FINNEY *v.* REED, GUARDIAN OF FINNEY ET AL.

The personal property is the primary fund of which the debts and legacies of a decedent should be paid. A bequest cannot be charged upon the real estate except by the express intention of the testator or necessary implication from the will.

BY THE COURT.—By the case stated it appears that Thomas Finney died seized among other real estate of a farm worth $2000, which he devised to his two sons, John and Thomas W.; and left personal estate we presume after paying his debts, to the value of $10,000. Of this by the original will he bequeathed $1400 to his three daughters; $1000 to his two sons above named; and if the $1000 now in dispute should be included will make in all, $3500; besides some items of personal property to two of his daughters, and the entire farming utensils to his sons, probably not altogether to the amount of over $4000. All the remainder of his personal effects he ordered to be divided among his children after the youngest attained full age. He further directed his executors to sell all of his real estate except the farm, and the proceeds thereof are blended with his personal property. By a codicil to his will he gives to his wife $600, in addition to his former bequests; $400 to each of his two daughters; and to the third a house and lot in lieu of a bequest of $300 given by the will; and also bequeaths to her $400 in addition. These latter sums are all to be paid out of the personal estate, and the residue he directs to be divided between his wife and all of his children. All of these legacies given by the will and codicil, leaving out the personal property bequeathed to

[Finney *v.* Reed, Guardian of Finney et al.]

the two sons, or directed to be preserved for the daughters, amount to less than $5000. Therefore, the funds in the hands of the executors is ample to discharge all the legacies without incumbering the real estate devised to the two sons. Was it the intention of the testator to charge the farm in their hands with the payment of the interest of $1000 to their mother during her life? That must be collected from the whole terms of the will. The bequest mainly relied on is in these words: "I give, devise, and bequeath to my beloved wife, Margaret Finney, all such household and kitchen furniture as she may choose after my decease, and her living and maintenance on my farm, now occupied by me, during her natural lifetime, and further the annual interest of $1000 during her lifetime." The personal estate of a testator is in all cases the primary fund, not only for the payment of debts, but of all general legacies; and to charge the same on land requires an expressed intention, or such a disposition of the property that the same may be clearly implied. An implication arises in some cases from the blending of real and personal estate in one common fund. That is not done here; on the contrary, the farm is given in terms to the two sons, and in addition $1000 out of the residue of the estate to add to the improvements. It cannot be pretended that the $1000 given to Mrs. Finney is so charged upon the land as to create a lien; that must be done by clear and express words, and is not to be favored or presumed. Was it the intention of the testator that the devisees should pay that money if they accepted the devise? The wife is to have her living and maintenance on the farm during her natural life, and we conceive it is fairly to be implied that she is to have such living and maintenance out of the farm or its proceeds. The testator then adds, "and *further* the annual interest of $1000 during her lifetime." The words "*and further*" have doubtless raised the dispute in this case. We consider that, as here used, they mean no more than would the expression "and also," or "in addition," or "I further give her the interest of $1000 during life;" none of which expressions could be held to imply that the sum so bequeathed should be paid by the devisees of the farm. As we have already said, if they are to be charged with this legacy, it must be by the direction of the testator; and if he has failed to so order the payment, we must resort to the rules of law to see from what source the legacy must be derived. The law clearly throws it upon the personal estate. In the after direction of the will the real estate not so bequeathed is ordered to be sold, and is thrown into a common fund with the personal effects, and all to be applied to the payment of legacies as directed by the will and the discharge of the debts; the remainder, if any, is to be divided. The codicil makes no change in the general disposition of the property, but rather strengthens the view taken, as he directs his wife to be paid

[Boyer et al. *v.* The Northern Central Railway Company.]

one additional sum of $600; each of his daughters have further donations, and he then orders that all of the said bequests and sums of money shall be paid " out of any personal estate, etc." This direction we consider applicable not only to the bequests in the codicil, but in the will also. · The remainder of the personal effects, after settling the estate and making all of the payments directed, is to be equally divided between the wife and all of the children. If any additional argument were wanting to show that Mr. Finney did not intend to charge the farm in the hands of his sons with this money, it is to be found in the fact that he gave them out of his general estate the sum of $1000 to add to the value of the land. He would scarcely bequeath to them this sum of money, and at the same time charge their property with a like sum in favor of his wife. It is sufficient, however, that it is not so charged in words, and the law points out the fund for payment. It is the duty of the executors to invest $1000 on interest for the use of the wife during her life, and to pay her the interest annually, but she has no claim either on the land devised to her sons, or on their personalty for payment. Therefore we give judgment on the case stated in favor of the plaintiff.